```
                                                    O
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HARRY EDWIN MILES, | ) | CASE NO. CV 17-6739-CAS (PJW) |
| Petitioner, | ) ) | [PROPOSED] ORDER DISMISSING PETITION WITH PREJUDICE AND |
| v. | ) ) | DENYING CERTIFICATE OF APPEALABILITY |
| STEVEN LANGFORD, WARDEN, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner is currently incarcerated at the Federal Correctional Institution, Lompoc, California. The instant Petition is his fourth attempt in this court to challenge his 2005 conviction on drug charges and resultant 360-month sentence in the United States District Court for the Central District of Illinois. In May 2010, he filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that the district court in Illinois did not have jurisdiction to hear his case because Congress had not properly enacted the legislation that authorized district courts to hear criminal cases. He argued further that he had not been given an opportunity to raise this claim through the normal habeas process set forth in 28 U.S.C. § 2255 and, therefore, he should be allowed to proceed under § 2241.

In February 2011, the Court dismissed the petition. (*Miles v. United States of America*, CV 10-3587-CAS (PJW), February 1, 2011 Order.)

In November 2012, Petitioner filed a second petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking release on the ground that the district court in Illinois had recently granted his "motion to dismiss." On November 28, 2012, the Court dismissed that petition, finding that Petitioner had erroneously interpreted the district court's dismissal of his petition as a dismissal of his criminal conviction. (*Miles v. Ives*, CV 12-10032-CAS (PJW), November 28, 2012 Order.)

In December 2014, Petitioner filed a third habeas petition, pursuant to 28 U.S.C. § 2241, claiming once again that he was entitled to habeas relief because Congress did not lawfully enact the statute granting district courts jurisdiction over criminal cases. The Court dismissed that petition. (*Miles v. Warden*, CV 14-9451-CAS (PJW), December 15, 2014 Order.)

On September 13, 2017, Petitioner filed the instant petition, pursuant to 28 U.S.C. § 2241, claiming that he is entitled to release because his 2005 conviction is null and void. He contends that his constitutional rights were violated before his trial in the district court in Illinois when he was not given an opportunity to challenge the composition of the Grand Jury that indicted him and when his plea of not guilty was taken by a magistrate judge at his arraignment. (Petition at 4-8.) He further contends that the magistrate judge, United States attorney, district judge, and defense counsel in Illinois all conspired against him. (Petition at 8-9.) For the following reasons, the petition is dismissed.

As the Court has repeatedly advised Petitioner, he may not attack his conviction and sentence in the district of his confinement by way of a § 2241 petition. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) ("As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention") (citation omitted). Nor has Petitioner even attempted to show that he qualifies for the exception to this general rule. *See id.* at 959 (noting "escape hatch" exception is available when petitioner makes a claim of actual innocence and has not had an unobstructed procedural shot at presenting his claim). Consequently, his action is subject to dismissal.

Petitioner argues that his § 2241 petition may not be "recharacterized" as a petition under 28 U.S.C. § 2255 because he is challenging his unlawful imprisonment, not his sentence. (Petition at 2-3.) That argument is rejected. Plainly, Petitioner's argument that his imprisonment is unlawful rests on the premise that his conviction was invalid. That challenge may only be brought as a § 2255 motion in the district of his conviction. *See*, *e.g.*, *Stephens v. Herrera*, 464 F.3d 895, 897-98 (9th Cir. 2006) (holding petitioner's challenge to conviction may not proceed under § 2241, but only under § 2255).[1]

Furthermore, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its rulings, he is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("Where

---

[1] Because Petitioner is not entitled to relief, his "Motion for Release on Personal Recognizance or Unsecured Bond Pending Resolution of Habeas Corpus Petition" is denied.

a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal the denial of that petition absent a [certificate of appealability][.]").

DATED: September 25, 2017

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

H:\CASNYDER\R&R & Related - 194\Magistrate Orders\LA17CV06739CASPJW-O.wpd

4